IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04CV69-1-MU

| | |
|---|---|
| TERRANCE L. JAMES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **O R D E R** |
| | ) |
| RANDY WILLIAMS, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Discovery, filed October 25, 2004; Defendants' Motion for Judgment on the Pleadings, filed December 3, 2004; Plaintiff's Cross-Motion for Summary Judgment, filed January 26, 2005; Plaintiff's Motion to Produce, filed January 26, 2005; Defendants' Motion for a Protective Order, filed February 15, 2005; and Defendants' Motion to Hold Plaintiff's Cross-Motion for Summary Judgment in Abeyance, filed February 15, 2005.

On April 22, 2004, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 alleging that Defendants had used excessive force and retaliated against him in violation of his federal constitutional rights. Plaintiff further alleged that Defendants assaulted him in violation of North Carolina law. Plaintiff seeks, declaratory, compensatory, and punitive damages.

Defendants have asked the Court to dismiss Plaintiff's Complaint on the basis that it is unexhausted. For the reasons set forth below, the Court agrees with Defendants that Plaintiff's claims are unexhausted and therefore must be dismissed.

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies prior to filing suit in federal court. 42 U.S.C. § 1997e. Specifically the PLRA sets forth that "[n]o action shall be brought with respect to prison conditions under section1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Section 1997e's exhaustion requirement is mandatory. Porter v. Nussle, 534 U.S. 516 (2002).

On August 25, 2003, Plaintiff submitted grievance no. E3730-03-2236[1] complaining that he had been denied showers; denied food; maced; had problems with his outgoing mail; had been written up on bogus charges; and been subjected to harassing cell searches. Plaintiff also complained about being written up on assault charges. On August 26, 2003, in accordance with prison policy,[2] Plaintiff's grievance was rejected for containing complaints about more than one incident. Plaintiff did not resubmit a grievance concerning the incident that forms the basis of his present Complaint. It thus appears that Plaintiff failed to fully exhaust his administrative remedies.

---

[1]. The North Carolina Department of Corrections (DOC) has an Administrative Remedy Procedure which governs the filing of grievances in each of its correctional facilities. The DOC's Administrative Remedy Procedure provides that "any aggrieved inmate may submit a written grievance . . . ." DOC ARP § .0310(a)(1). If the inmate is not satisfied with the decision reached at the above-described Step One of the grievance process, he or she may request relief from the Facility Superintendent. DOC ARP § .0310(b)(1). If the inmate is not satisfied with the decision reached at the above-described Step Two of the grievance process, he or she may appeal to the Secretary of Correction through the Inmate Grievance Examiner (IGE). DOC ARP § .0310(c)(1). The decision by the IGE or a modification by the Secretary of Correction shall constitute the final step of the Administrative Remedy Procedure. DOC ARP § .0310(c)(6).

[2] Section .0306(b)(4) of the Department of Correction Policy and Procedure sets forth that an inmate grievance may be denied if the inmate requests a remedy for more than one incident.

Plaintiff attempts to avoid the conclusion that he has failed to exhaust his administrative remedies by asserting that his grievance should not have been rejected because it did not contain complaints about more than one incident. That is, Plaintiff asserts that all of his complaints concerned one problem and incident – his difficulties with correction officers on the First Shift. Plaintiff's grievance contained complaints about matters involving different individuals, different dates, and different subject matters. To allow an inmate to classify all complaints under the umbrella of complaints with a particular shift would undermine the rationale behind the rule for grieving one incident at a time. Moreover, it is not a Court's function to determine whether or not Department of Correction ("DOC") policy is correctly interpreted by a correctional facility.

Plaintiff also argues that he could not fully exhaust his administrative remedies because he was transferred shortly after his grievance was rejected. It is undisputed that Plaintiff's grievance was rejected on August 29, 2003, and that Plaintiff was transferred on September 9, 2003. Plaintiff thus had eleven days in which to submit a grievance regarding the excessive force incident which forms the basis of his Complaint. Plaintiff provides no reason as to why he could not have resubmitted his grievance. Moreover, there is no DOC provision which prohibits an inmate from filing a grievance in one prison facility complaining about an incident or condition at another facility.[3] That is, it is not apparent to the Court that Plaintiff could not have resubmitted his grievance while he was housed at Marion Correctional Institution.

Based upon the above, this Court finds that Plaintiff has not satisfied the mandatory

---

[3] DOC Policy and Procedures which governs the handling of grievances does not include transfer as a reason to reject a grievance in the initial screening process.

exhaustion requirement of § 1997e and therefore his Complaint is dismissed.[4]

Plaintiff, in his response to Defendants' Motion for Summary Judgment, asks the Court to grant him summary judgment on his claims. In other motions, Plaintiff asks the Court to compel Defendants to respond to his discovery requests. Because this Court has ruled that Plaintiff's Complaint is unexhausted his motions are moot.

Likewise, Defendants' motion seeking a protective order and Defendants' motion asking the Court to hold Plaintiff's Cross-Motion for Summary Judgment in Abeyance are mooted by this Court's ruling that Plaintiff's claims are unexhausted.

**IT IS THEREFORE ORDERED THAT**:

1. Defendants' Motion on the Pleadings is **GRANTED**;

2. Plaintiff's Cross-Motion for Summary Judgment is **DENIED**; and

3. Plaintiff's Complaint is **DISMISSED** without prejudice for failure to exhaust his administrative remedies;

4. Plaintiff's Motion for Discovery is **DENIED**;

5. Plaintiff's Motion to Produce is **DENIED**;

6. Defendants' Motion for a Protective Order is **DENIED**; and

7. Defendants' Motion to Hold Plaintiff's Cross-Motion for Summary Judgment in Abeyance is **DENIED**.

---

[4] This Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim.

**Signed: May 24, 2005**

Graham C. Mullen
Chief United States District Judge